**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**INTEGRATED LINER TECHNOLOGIES,**
**INC.,**

               **Plaintiff,**              1:09-cv-1285
                                                       (GLS/DEP)

       v.

**SPECIALTY SILICONE PRODUCTS,**
**INC. and SSP, INC.,**

               **Defendants.**
_____

| APPEARANCES: | OF COUNSEL: |
|---|---|
| **FOR THE PLAINTIFF:** | |
| Heslin, Rothenberg Law Firm | BRETT M. HUTTON, ESQ. |
| 5 Columbia Circle | DAVID P. MIRANDA, ESQ. |
| Albany, NY 12203 | |
| | |
| **FOR THE DEFENDANTS:** | |
| Stocki, Slevin Law Firm | MARY ELIZABETH SLEVIN, |
| 90 State Street, Suite 701 | ESQ. |
| Albany, NY 12207 | |
| | |
| Kenealy Vaidya LLP | AJIT J. VAIDYA, ESQ. |
| 515 East Braddock Rd. | WILLIAM T. SLAVEN, IV, ESQ. |
| Alexandria, VA 22314 | |

**Gary L. Sharpe**
**District Court Judge**

**MEMORANDUM-DECISION AND ORDER**

## I. Introduction

Plaintiff Integrated Liner Technologies, Inc. (ILT) commenced this action against Specialty Silicone Products, Inc. and SSP, Inc. (SSP defendants),[1] asserting claims of patent infringement. (Compl., Dkt. No. 1.) Pursuant to an order by Magistrate Judge Peebles, the parties agreed on the construction of certain of the terms encompassed in the claims of the two patents in issue. (Dkt. Nos. 43, 44.) Despite their efforts, the parties were unable to agree on the construction of the following terms: (1) "adhesive"; (2) "primer"; (3) "bond directly/directly bonded"; and (4) "layer." (Dkt. No. 44.)

After examining the parties' comprehensive submissions and presiding over a February 15, 2011 *Markman* hearing, Judge Peebles memorialized his findings and recommendations in an April 7 Report-Recommendation (R&R). (Dkt. No. 55.) Pending are the objections of ILT and SSP defendants to that R&R. (Dkt. Nos. 56, 57.) For the reasons that follow, the R&R is adopted in its entirety.

## III. Standard of Review

---

[1] ILT also named Streck, Inc. as a defendant, but subsequently filed a notice of voluntary dismissal of claims against that defendant pursuant to Fed. R. Civ. P. 41(a)(1)(i). (Dkt. Nos. 15, 16.)

2

Where a party timely objects to a magistrate judge's decision regarding a non-dispositive pre-trial matter, the district court must "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a).

## IV. Discussion

### A. Motion to Strike

In response to a motion to strike by SSP defendants, Magistrate Judge Peebles recommended that paragraphs 23, 26, 28, 33, 34 and 36 of the declaration of ILT's expert, Patrick T. Mather, Ph. D., be stricken. (Dkt. No. 55 at 8; Dkt. No. 49, Attach. 1.) ILT did not object on this point. Accordingly, the court adopts Judge Peebles' recommendation that paragraphs 23, 26, 28, 33, 34 and 36 of the declaration of Patrick T. Mather, Ph. D., be stricken. (Dkt. No. 49, Attach. 1.)

### B. Claim Terms in Dispute

Following submissions by the parties and a *Markman* hearing, Judge Peebles recommended definitions of the following disputed claim terms: (1) "adhesive"; (2) "primer"; (3) "bond directly/directly bonded"; and (4) "layer." (Dkt. No. 55.) SSP defendants objected to the definitions of "primer" and "bond directly/directly bonded," while ILT objected to the recommended

3

definition of "layer."  (Dkt. Nos. 56, 57.)

Judge Peebles recommended that the term "adhesive" be defined as "a substance that is capable of bonding two or more solids together by surface attachment."  (Dkt. No. 55 at 26.)  Neither party objected to this recommendation.  As such, the court adopts Judge Peebles' recommended definition for the term "adhesive."

As for "primer," Judge Peebles recommended that the term be construed as "a non-adhesive substance utilized as a surface treatment that enhances bond strength."  (Dkt. No. 55 at 22.)  SSP defendants objected to this recommendation on the grounds that a proper definition of "primer" should include compositional language and mention of the fact that "a suitable primer should 'increase[] the time allowed for bonding.'"  (Dkt. No. 57 at 3-4.)

SSP defendants further objected to Judge Peebles' recommendation that "bond directly/directly bonded" be construed to mean "joined together through surface contact, potentially with the presence of an intervening material."  (Dkt. No. 55 at 30; Dkt. No. 57 at 4-9.)  SSP argued that the phrase "potentially with the presence of an intervening material" was "overbroad and . . . unsupported by the patents."  (Dkt. No. 57 at 5.)

4

Lastly, Judge Peebles recommended that the term "layer" be defined as "a detectable quantity of a material that is at least partially distributed on a surface." (Dkt. No. 55 at 32-33.) ILT objected to this definition, arguing that "'layer should be construed based on its common dictionary definitions that require 'covering a surface.'" (Dkt. No. 56 at 2.) For the reasons articulated in Judge Peebles' R&R, and because the recommendations contained therein are not clearly erroneous or contrary to law, the court adopts Judge Peebles' recommended definitions for the terms "primer," "bond directly/directly bonded," and "layer."

## V. Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Magistrate Judge Peebles' April 7, 2011 Report-Recommendation (Dkt. No. 55) is **ADOPTED** in its entirety; and it is further

**ORDERED** that the parties notify Magistrate Judge Peebles in order to schedule further proceedings in accordance with this order; and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

October 26, 2011
Albany, New York

Gary L. Sharpe
U.S. District Judge